UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JORDAN JACOB HENDERSON SULLIVAN, | |
| **Plaintiff,** | |
| v. | No. 2:22 CV 170 |
| DALE SANDBERG, *et al.*, | |
| **Defendants.** | |

## OPINION and ORDER

Jordan Jacob Henderson Sullivan, a prisoner without a lawyer, filed an amended complaint. (DE # 15.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Henderson Sullivan alleges that, on February 22, 2022, Dale Sandberg took him to segregation. He was assigned to a cell where both beds were already occupied, so he

was provided with a portable bed on the floor.[1] The floor was covered in ants. Henderson Sullivan asked Officer Sandberg to move him to a different cell. His request was declined. He asked for a mop and a blanket, but he was told to wait. When Officer Sandberg returned, he did not have either the mop or the blanket. Another inmate had left a used towel on the floor. Officer Sandberg swept the towel across the floor with his foot and told Henderson Sullivan to use the towel. Henderson Sullivan refused to touch the towel. He woke up cold and covered in ants.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must

---

[1] Prior to this assignment, Henderson Sullivan had been in protective custody. He feels that assigning him to a cell with other inmates disregarded his safety, but he does not allege that he was harmed in any way by his cellmates. These allegations do not state a claim. *See Doe v. Welborn*, 110 F.3d 520, 523–24 (7th Cir. 1997) ("An allegation that prison officials exposed a prisoner to a risk of violence at the hands of other inmates does not implicate the Eighth Amendment's Cruel and Unusual Punishments Clause."(internal quotation marks and citation omitted)).

show the defendant acted with deliberate indifference to the inmate's health or safety.

*Farmer*, 511 U.S. at 834. As the court of appeals has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference.").

While lack of proper bedding for more than a week may amount to an Eighth Amendment violation, a short-term deprivation of bedding does not rise to the level of a constitutional violation. *See Townsend v. Cooper,* 759 F.3d 678, 687 (7th Cir. 2014*)*. Similarly, prolonged exposure to pest infestations can amount to an Eighth Amendment violation, but spending a single night in a cell with ants does not rise to the level of a constitutional violation. *See Davis v. Williams*, 216 F.Supp.3d 900, 907-08 (N.D.Ill. 2016). Therefore, these allegations do not state a claim.

Henderson Sullivan filed a grievance February 25, 2022. Two days later, Sandberg apologized and said he didn't want to get sued. They shook hands, but Henderson Sullivan says he was afraid to anger Sandberg, who he had previously filed grievances against. These allegations do not implicate the constitution.

3

Henderson Sullivan has also sued the Porter County Jail, and the jail's insurance company. He cannot sue the jail or its insurance company because the jail is a building. It is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

This complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Henderson Sullivan may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) **GRANTS** Jordan Jacob Henderson Sullivan until **January 30, 2023**, to file an amended complaint; and

(2) **CAUTIONS** Jordan Jacob Henderson Sullivan if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED.**

Date: December 28, 2022

                                        s/James T. Moody
                                        JUDGE JAMES T. MOODY
                                        UNITED STATES DISTRICT COURT