UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JORDAN JACOB HENDERSON SULLIVAN, <br><br> **Plaintiff,** <br><br> v. <br><br> DALE SANDBERG, *et al.*, <br><br> **Defendants.** | No. 2:22 CV 170 |

## OPINION and ORDER

Jordan Jacob Henderson Sullivan, a prisoner without a lawyer, filed an amended complaint. (DE # 24.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Henderson Sullivan's amended complaint alleges essentially the same facts as the previous complaint. On February 22, 2022, Dale Sandberg took Henderson Sullivan to segregation. He was assigned to a cell where both beds were already occupied, so he was provided with a portable bed on the floor. The floor was covered in ants. Henderson Sullivan asked Officer Sandberg to move him to a different cell. His request

was declined. Sandberg said he would return with a mop and a blanket. When Sandberg returned, he did not have either the mop or the blanket. Sandberg claimed there was not a mop on that side of the unit, even though Henderson Sullivan indicated that each side has a mop. Another inmate had left a used towel on the floor. Officer Sandberg swept the towel across the floor with his foot and told Henderson Sullivan to use the towel. Henderson Sullivan refused to touch the towel. He woke up cold and with ants on his face and body.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Court of Appeals has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to

>  prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference.").

As already explained to Henderson Sullivan, while lack of proper bedding for more than a week may amount to an Eighth Amendment violation, a short-term deprivation of bedding does not rise to the level of a constitutional violation. *See Townsend v. Cooper,* 759 F.3d 678, 687 (7th Cir. 2014*)*. Similarly, prolonged exposure to pest infestations can amount to an Eighth Amendment violation, but spending a single night in a cell with ants does not rise to the level of a constitutional violation. *See Davis v. Williams*, 216 F.Supp.3d 900, 907-08 (N.D.Ill. 2016). As noted when the prior complaint was screened, these allegations do not state a claim.

Henderson Sullivan also alleges that, when Sandberg learned that Henderson Sullivan had filed a lawsuit against him, he retaliated against him by bringing a series of disciplinary charges for things that he would not have charged against other offenders. "To prevail on his First Amendment retaliation claim, [Henderson Sullivan] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendant['s] decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). Giving Henderson Sullivan the

3

benefit of all favorable inferences, as the court must at this stage of the case, he has stated a claim for retaliation against Sandberg.

Henderson Sullivan has also sued Captain Williams and the Sheriff of Porter County, although neither are mentioned in the body of the amended complaint. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Therefore, Henderson Sullivan may not proceed against Captain Williams or the Sheriff of Porter County.

For these reasons, the court:

(1) **GRANTS** Jordan Jacob Henderson Sullivan leave to proceed against Dale Sandberg in his individual capacity for compensatory and punitive damages for retaliating against him by bringing a series of unwarranted disciplinary charges against him, in violation of the First Amendment;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Captain Williams and the Sheriff of Porter County;

(4) **DIRECTS** the Clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dale Sandberg at the Porter County Sheriff's Department, with a copy of this order and the complaint (DE # 24);

(5) **ORDERS** the Porter County Sheriff's Department to provide the full name, date of birth, and last known home address of the defendant, if he does not waive service and it has such information; and

(6) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Dale Sandberg to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

                              **SO ORDERED.**

Date: March 9, 2023

                              s/James T. Moody
                              JUDGE JAMES T. MOODY
                              UNITED STATES DISTRICT COURT